# EXHIBIT 2

# EXHIBIT 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Nevada

In re ROBIN LINUS LEHNER, DONYA TINA LEHNER
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. BK-22-14616-nmc

Chapter 7

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Frank C. Muggia c/o Kevin E. Tompsett, Harris Beach PLLC, 99 Garnsey Rd., Pittsford, NY 14534, ktompsett@HarrisBeach.com
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See exhibit 1.

| PLACE: Buffalo Executive Suites, 1967 Wehrle Drive Suite 3 Buffalo, NY 14221 and remote Zoom Video Conferencing hosted by Naegeli Deposition and Trial | DATE AND TIME: May 12, 2023 and 10:00 a.m. PST aka 1:00 p.m. EST |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 27, 2023

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* Michael A. Parentis, who issues or requests this subpoena, are: Louis M. Bubala III, NV Bar 8974, August B. Hotchkin, NV Bar 12780, Kaempfer Crowell; 50 W. Liberty Street, Suite 700, Reno, NV 89501; lbubala@kcnvlaw.com, ahotchkin@kcnvlaw.com; and (775) 852-3900.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 22-14616-nmc    Doc 149-2    Entered 04/27/23 12:38:23    Page 3 of 12

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit 1

# Exhibit 1

3410484_1.docx

**TO: SUBPOENA TO PRODUCE DOCUMENTS ISSUED TO FRANK C. MUGGIA**

Pursuant to Fed. R. Civ. P. 45, as adopted by Fed. R. Bankr. P. 9016 and in accordance with LR 9016, Creditor Michael A. Parentis requests that Frank C. Muggia respond to the production request set forth below.

## DEFINITIONS

The following definitions apply in interpreting each part of this Request:

1. The terms "DOCUMENT" or "DOCUMENTS" mean a writing, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, email, electronic media and transmission (including pixels and internet), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, as defined by Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34 as incorporated in reference by Federal Rule of Bankruptcy Procedure 7034.

2. The term "communication" shall mean and include both written and audio recordings of oral communications, including without limitation to, face to face conversations, meetings, telephone conversations, voice mail messages, letters, memorandums, facsimiles, electronic mail, text messages and any other method of communication.

3. The term "Mr. Lehner" means Debtor Robin Linus Lehner and includes any person or entity acting at its discretion or on its behalf.

4. The term "Mr. Muggia" means Frank C. Muggia, and includes any person or entity acting at his direction or on his behalf.

5. The term "Dr. Parentis" means Creditor Michael A. Parentis, and includes any person or entity acting at its direction or on its behalf.

6. The phrase "February 12, 2020 loan" shall mean and refer to monies load,

2

by Dr. Parentis to Mr. Lehner, under a promissory note dated February 12, 2020. *See* Exhibit A Promissory Note.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that constitute any agreement(s) between Mr. Lehner and Dr. Parentis.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and communications that relate to Mr. Lehner's approval or authorization for Mr. Muggia to solicit a loan from Dr. Parentis.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and communications reflecting representations made as to Mr. Lehner's ability to repay the February 12, 2020 loan by Dr. Parentis to Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and communications, exchanged by Mr. Lehner and Mr. Muggia, which relate to the February 12, 2020 loan by Dr. Parentis to Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and communications, exchanged by Mr. Muggia and Dr. Parentis, which relate to February 12, 2020 loan by Dr. Parentis to Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and communications reflecting representations made as to payments on the February 12, 2020 loan by Dr. Parentis to Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and communications, exchanged by Mr. Lehner and Mr. Muggia, authorizing the delay of payment on the February 12, 2020 loan by Dr. Parentis to Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS on the Solarcode project (*See* Exhibit A Promissory Note ¶ 1,

Feb. 12, 2020), which relate to February 12, 2020 loan by Dr. Parentis to Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS sufficient to show all payments made by Mr. Lehner to Dr. Parentis since August 12, 2021.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which relate to other loans that Mr. Muggia arranged on behalf of Mr. Lehner.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS sufficient to show payments or payoffs of other loans that Mr. Muggia arranged on behalf of Mr. Lehner.

# EXHIBIT A

# EXHIBIT A

## PROMISSORY NOTE

$300,000.00 U.S.
February 12, 2020

1.    FOR VALUE RECEIVED, the undersigned, ROBIN LEHNER and LEHNER ENTERPRISES, LLC, (collectively referred to herein as "Maker"), hereby promises to pay to the order of DR. MICHAEL PARENTIS (the "Holder"), the principal sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00), with Three Hundred Thousand Dollars and Zero Cents ($300,000.00), together with an interest rate equal to the prime rate as published in the Wall Street Journal on the date written above, due on August 12, 2021, which shall be comprised of the accrued interest together with a success fee, related to the Solarcode project, for a total payment of Three Hundred and Sixty Thousand Dollars and Zero Cents ($360,000.00).

2.    In no event shall there be payable as interest, late payment charge or other charge hereunder any amount that would result in interest being payable on the outstanding principal balance at a rate in excess of the maximum rate permitted by applicable law. Solely to the extent necessary to result in such interest not being payable at a rate in excess of such maximum rate, any amount that would be treated as part of such interest under a final judicial interpretation of applicable law shall be deemed to have been a prepayment of principal by Maker, it being the intention of Holder and of Maker that such interest not be payable at a rate in excess of such maximum rate. However, for green lighting the Solarcode project, Holder shall be paid a success fee bringing the total paid under the Note to Three Hundred and Sixty Thousand Dollars and Zero Cents ($360,000.00).

3. All payments made hereunder shall be made in United States Funds and at such place as Holder may designate in writing.

4. If (i) there should be a default in the payment of principal and/or interest due hereunder and such default shall continue for seven (7) days after receipt by Maker of written notice of such default from Holder; or (ii) proceedings are instituted by or against Maker under any bankruptcy, insolvency, reorganization or other law relating to the relief of debtors, whether pursuant to the laws of the United States or State of New York, which are not stayed or dismissed within thirty (30) days of the date such proceedings were instituted; or (iii) a receiver or similar trustee is appointed for Maker or his assets (with or without his consent), or Maker makes an assignment for the benefit of creditors; then the Holder may, at his option, declare the remaining unpaid principal balance as referenced in paragraph 1 only of this Promissory Note immediately due and payable in full.

5. Maker shall have the right to prepay all or a portion of this Promissory Note without the prior written consent of Holder.

6. No delay or failure by the Holder in exercising any right, power, privilege or remedy under this Promissory Note shall affect such right, power, privilege or remedy or be deemed to be a waiver of all or any part thereof; nor shall any single or partial exercise thereof or any failure to exercise the same in any instance preclude any further or future exercise thereof, or the exercise of any other right, power, privilege or remedy, and the rights, powers, privileges and benefits provided for under this Promissory Note are cumulative and not exclusive.

7. Maker agrees to pay all costs and expenses incurred by Holder in enforcing this Promissory Note or in collecting the indebtedness evidenced hereby, whether by

negotiation, trial or appeal, including without limitation, reasonable attorney's fees, disbursements and expenses, if Holder retains counsel for any such purpose.

8. This Holder may not sell, assign, pledge or otherwise transfer all or any portion of the interest in this Promissory Note.

9. This Promissory Note shall be governed by and construed and enforced in accordance with the laws of the State of New York without regard to principles of conflicts of laws.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Promissory Note at the place specified above and as of the date first above written.

_____
ROBIN LEHNER
Dated: February 12, 2020

_____
LEHNER ENTERPRISES, LLC,
By: Robin Lehner
Dated: February 12, 2020