```
KAEMPFER CROWELL
Louis M. Bubala III, No. 8974
August B. Hotchkin, No. 12780
50 W. Liberty Street, Suite 700
Reno, Nevada  89501
Telephone:   (775) 852-3900
Facsimile:    (775) 327-2011
Email:  lbubala@kcnvlaw.com
Email:  ahotchkin@kcnvlaw.com
```

Attorneys for Plaintiff JHB Collective, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ROBIN LINUS LEHNER and DONYA TINA LEHNER,<br><br>               Debtors. | Case No.: 22-14616-nmc<br>Chapter 7 |
| JHB COLLECTIVE, LLC,<br><br>               Plaintiff,<br>v.<br><br>ROBIN LINUS LEHNER and DONYA TINA LEHNER,<br><br>               Defendants. | Adversary Proceeding No.:<br><br>**COMPLAINT** |

JHB COLLECTIVE, LLC seeks to (1) liquidate its claim for breach of contract in its proof of claim and (2) declare the debt owed by Debtors/Defendants ROBIN LINUS LEHNER and DONYA TINA LEHNER to be nondichargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(6), and alleges as follows.

## PARTIES

1. JHB is an administratively dissolved limited liability company registered with the State of Florida, authorized to act through its member and manager, Joshua H. Buchwald, in the winding up its affairs under Florida Statute 605.0709(2)(b)(2), (7).

2. The Defendants are the debtors in this case.

## JURISDICTION

3. The Bankruptcy Court has jurisdiction over this case and this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (O). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409, and LR 1001(b)(1).

4. This adversary proceeding relates to the pending chapter 7 case, *In re Lehner*, No. 22-14616 (Bankr. D. Nev.).

5. JHB consents to entry of final orders or judgment by the bankruptcy court.

6. JHB consents to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND FACTS

7. On or about September 17, 2019, JHB and Mr. Lehner signed an [undated] Purchase and Sale Agreement (the "Agreement") wherein JHB agreed to sell, and Mr. Lehner agreed to purchase, Plaintiff's snake-breeding inventory (the "Inventory") for $850,000.00. **Ex. 1, Agreement**.

8. Mr. Lehner agreed to pay a $150,000 deposit by October 1, 2019, close the transaction by October 15, 2019, and make three more payments by June 1, 2020.

9. Mr. Lehner did not pay the deposit on or before October 1, 2019.

10. On October 11, 2019, JHB told Mr. Lehner that if the deposit was not paid in full by October 14, 2019, JHB would file an action against him for breach of contract. **Ex. 2, Notice and Intent to Sue**.

11. On October 18, 2019, Mr. Lehner requested the Agreement be amended to provide additional time to pay the deposit and extend the closing date.

12. In exchange for the additional requested time, Mr. Lehner represented that he would pay an additional $35,000.00, plus JHB's attorney's fees in the amount of $2,500.00 to forego filing suit for breach of the Agreement.

13. On or about October 31, 2019, Mr. Lehner paid the deposit.

14. On or about November 18, 2019, JHB and Mr. Lehner signed an Addendum to the Agreement ("First Addendum"), increasing the purchase price to $887,500. **Ex. 3, Addendum**.

15. Mr. Lehner agreed to pay $245,834 on or before January 2, 2020, $245,833 on or before April 1, 2020, and $245,833 on or before July 1, 2020.

16. Mr. Lehner provided a promissory note for the balance ($737,500) and a security agreement. **Ex. 4, Promissory Note**; **Ex. 5, Purchase and Sale Security Agreement**.

17. The note was signed by Robert Butler, under a Power of Attorney provided by Mr. Lehner. **Ex. 6., Power of Attorney**.

18. A financing statement was drafted, but it was never filed. **Ex. 7, UCC Financing Statement**.

19. Mr. Lehner made the first two payments (the second late), but he did not make the third payment.

20. Mr. Lehner repeatedly represented after the default that the final payment was coming, but he did not pay it.

21. On March 9, 2021, JHB sent Mr. Lehner a Notice of Default demanding he pay the balance plus JHB's attorney's fees on or before March 16, 2021, or he would sue Mr. Lehner. **Ex. 8, Notice of Default**.

22. Mr. Lehner requested an additional extension of time to pay JHB, representing that he would pay additional amounts if JHB would forego the lawsuit.

23. On or about March 11, 2021, JHB and Mr. Lehner signed a Second Addendum to the Agreement (the "Second Addendum"), giving Mr. Lehner until May 10, 2021 to pay $293,333.00, while JHB agreed to not sue if he made the payment. **Ex. 9, Second Addendum**.

24. Mr. Lehner could request an extension of time to pay within ten days of May 10, 2021, and JHB could charge Mr. Lehner a $100.00 daily fee until the balance was paid.

25. Mr. Lehner did not request an extension of time.

26. Mr. Lehner did not pay the balance on or before May 10, 2021.

27. After repeated demands made by JHB, Mr. Lehner paid $100,000.00 on or about August 19, 2021.

28. Despite repeated representations by Mr. Lehner and his representatives/agents that the outstanding balance of $193,333 was forthcoming, he had not paid any more.

29. On April 6, 2022, JBH sent Mr. Lehner a Final Demand Prior to Filing Suit. **Ex. 10, Final Demand**.

30. Despite repeated representations by Mr. Lehner and his agents/representatives through June 2022 that payment was forthcoming, Mr. Lehner did not pay any more.

31. Pursuant to the Second Addendum, in the event Mr. Lehner failed to pay JHB the total amount of $293,333 on or before May 10, 2021, JHB could seek a Final Judgment in the amount of $350,000, less any payments made under the Second Addendum, plus the addition of prejudgment interest, post-judgment interest from the date of judgment thereafter until paid at the

1  applicable legal rate, and reasonable attorney's fees and costs from the date of default, upon the
2  filing of a Non-Payment Affidavit.
3      32.    On September 14, 2022, JHB filed a complaint against Mr. Lehner for breach of
4  contract and unjust enrichment. *JHB Collective, LLC v. Lehner*, Case Number 50-2022-CA-
5  009122-XXXX-MB (15th Cir., Palm Beach County, Fl.).
6      33.    Mr. Lehner was served with the summons and complaint, but he never answered
7  or responded to the complaint.
8      34.    On December 30, 2022, Debtors filed their chapter 7 petition.
9      35.    On January 26, 2023, JHB filed its proof of claim for $274,213.35, including
10 interest, fees, expenses and other charges. Main Case Cl. Reg. 4-2.
11     36.    The aforementioned repeated representations made by Mr. Lehner and/or his
12 agents/representatives to Plaintiff were knowingly false and made with the intent to induce JHB
13 to hold off on filing an action against Mr. Lehner as long as possible, so that the delay could afford
14 Mr. Lehner additional time to divert or disperse funds, assets, and other tangibles and avoid
15 payment to JHB.
16     37.    Mr. Lehner was aware that the subsequent promises and agreements—*i.e.*, the First
17 and Second Addendums to the Agreement—were made under false pretenses and
18 misrepresentations and that Mr. Lehner was unwilling, or knew or had reason to believe that he
19 was unable pay the remaining amount owed, and/or had no intention of paying the remaining
20 amount owed under the Agreement, or the additional monies that were promised in the
21 Addendums, but made representations otherwise with the intent to deceive and induce JHB into
22 continuing to hold off on collecting the outstanding debt.
23     38.    The Debtors/Defendants are jointly liable for Mr. Lehner's conduct and the debt is
24 non-dischargeable as to their community property.

KAEMPFER
CROWELL

3416783_1.docx 20911.1

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

39. Plaintiff re-alleges the above paragraphs as though fully stated herein.

40. Mr. Lehner and JHB entered into a valid and binding contractual Agreement and subsequent Amendments thereto wherein in exchange for present and future payments from Mr. Lehner, JHB would and did sell and convey the Inventory to Mr. Lehner.

41. Though Mr. Lehner made partial payment for the Inventory, he failed to tender all monies owed under the Agreement and Amendments, resulting in a breach of the terms and conditions of the Agreement and Amendments, which was not excused or justified.

42. Despite repeat demands by JHB, Mr. Lehner failed to pay JHB in full, including the balance owed under the Second Addendum.

43. Mr. Lehner's breach of the contract and related actions have further caused JHB to sustain loss of profits as had JHB not sold its entire Inventory to Mr. Lehner, JHB's projected net profits would have been between approximately $350,000 to $400,000 a year.

**SECOND CLAIM FOR RELIEF**

**(For a Determination that Debtors' Debts Are Not Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud)**

44. Plaintiff re-alleges the above paragraphs as though fully stated herein.

45. Upon information and reasonable belief and allegations previously set forth herein, Mr. Lehner personally, and/or by and through his agents/representatives, made several repeated representations to Plaintiff in order to induce Plaintiff to enter into the Addendums, Promissory Note, and Security Agreement to forego filing a lawsuit for breach of the Agreement concerning the sale and purchase of Plaintiff's then inventory of exotic snakes, in exchange for separate and distinct consideration in the form of additional monies to the original purchase price

3416783_1.docx  20911.1

Page 6 of 10

46. Upon information and reasonable belief and allegations previously set forth herein, these representations were false, misleading, and inaccurate, made with the intent to induce and deceive Plaintiff into foregoing the filing a lawsuit against Mr. Lehner, for breach of the Agreement for the purposes of delaying such action so that Mr. Lehner could divert or disperse funds, assets, and other tangibles and avoid payment to Plaintiff.

47. Upon information and reasonable belief and allegations previously set forth herein, despite entering into these Addendums and agreeing to increase the amounts owed to Plaintiff, Mr. Lehner had no intention of ever honoring his obligations under the Agreement or Addendums, or paying back the total amount owed to Plaintiff under the same.

48. Upon information and reasonable belief and allegations previously set forth herein, based on the above, Mr. Lehner made those representations, knowing such representations were false, were made with the intent to deceive Plaintiff, where Plaintiff relied on such representations, and sustained damages as a proximate result of those misrepresentations and/or false and misleading statements made by Mr. Lehner and/or his agents/representatives.

### THIRD CLAIM FOR RELIEF

**(For a Determination that Debtors' Debts Are Not Dischargeable Pursuant to 11 U.S.C. §523(a)(6): Willful or Malicious Injury)**

49. Plaintiff re-alleges the above paragraphs as though fully stated herein.

50. Mr. Lehner's conduct and actions were deliberate, intentional, malicious, and wrongful, done without just cause or excuse wherein he intentionally schemed to perpetrate a fraud on Plaintiff by inducing the latter to enter into Addendums to an Agreement under the false pretense that (a) Mr. Lehner would pay additional monies under the terms of those Addendums; and (b) pay the entirety of the balance owed to Plaintiff under the Agreement and those Addendums

in exchange for Plaintiff allowing Mr. Lehner additional time to make those payments and for Plaintiff to forgo filing a legal action against Mr. Lehner as a result of his breach of the Agreement.

51. However, based on information and reasonable belief, Mr. Lehner had no intention of paying the amounts owed due under the Agreement and Addendums and deliberately and intentionally induced Plaintiff to delay the filing of any legal action to recover the amounts owed so that Mr. Lehner could divert or disperse funds, assets, and other tangibles and avoid payment to Plaintiff.

52. Mr. Lehner had a subjective motive to inflict injury on Plaintiff, or otherwise knew, or reasonably believed that the injury to Plaintiff was substantially certain to result from Mr. Lehner's conduct.

53. Mr. Lehner's conduct and actions proximately caused Plaintiff to sustain damages as a result.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the entry of judgment against Defendants as follows:

1. The Defendants are liable under the terms of the Agreement and its Amendments.

2. That the Court determine that the debts of Defendants be ruled nondischargeable under 11 U.S.C. § 523(a)(2)(A) because Defendant, Robin Lehner, engaged in false pretenses, false representations, and/or committed actual fraud against Plaintiff, a creditor; and/or

3. That the Court determine that the debts of Defendants be ruled nondischargeable under 11 U.S.C. § 523(a)(6) because Defendant, Robin Lehner engaged in willful and malicious injury against Plaintiff, a creditor;

4. For an award of attorney's fees as allowable by law in an amount the Court deems just and reasonable;

5. For costs of suit herein incurred; and

6.  For such other and further relief as this Court deems just and proper.

Dated May 4, 2023

KAEMPFER CROWELL

*/s/ Louis M. Bubala III*
Louis M. Bubala III, No. 8974
August B. Hotchkin, No. 12780

Attorneys for Plaintiff JHB Collective, LLC

**EXHIBIT INDEX**[1]

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| 1 | Purchase and Sale Agreement [undated] | 61 |
| 2 | Notice and Intent to Sue dated October 11, 2019 | 2 |
| 3 | First Addendum to Purchase and Sale Agreement dated November 18, 2019 | 2 |
| 4 | Promissory Note dated November 15, 2019 | 3 |
| 5 | Purchase and Sale Security Agreement dated November 18, 2019 | 16 |
| 6 | Power of Attorney | 15 |
| 7 | UCC Financing Statement | 1 |
| 8 | Notice of Default dated March 9, 2021 | 2 |
| 9 | Second Addendum to Purchase and Sale Agreement dated March 12, 2021 | 5 |
| 10 | Final Demand Prior to Filing Suit dated April 6, 2022 | 2 |

---

[1] Some exhibits contain an exhibit letter in the lower right, as the exhibit was previously marked for JHB's state court litigation against Mr. Lehner.