TIMOTHY S. CORY, ESQ.
Nevada Bar No.001972
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
CORY READE DOWS AND SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada  89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
tcory@crdslaw.com
cread@crdslaw.com
Attorneys for Creditor MICHAEL BORDEN

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROBIN LINUS LEHNER and DONYA TINA LEHNER,<br><br>            Debtors. | Lead Case No..: 22-14616-nmc<br>Chapter 7 |
| MICHAEL BORDEN,<br><br>            Plaintiff,<br><br>     v.<br><br>ROBIN LINUS LEHNER,<br><br>            Defendant. | Adversary Case No.<br><br>**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523 AND 11 U.S.C. § 727** |

      COMES NOW Plaintiff MICHAEL BORDEN, by and through his attorneys of record Timothy S. Cory, Esq. and R. Christopher Reade, Esq. and the law firm of Cory Reade Dows and Shafer, and hereby files his Complaint for Judgment to determine the nondischargeability of certain debts under 11 U.S.C. §523(a)(2) and §523(a)(6), as well as 11 U.S.C. §§ 727(a)(3), and 727(a)(4)(D) and for his Complaint, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding pursuant to 11 U.S.C. § 523(a) to determine the dischargeability of a debt owed by Debtor ROBIN LINUS LEHNER ("LEHNER") to Plaintiff MICHAEL BORDEN ("BORDEN"). This adversary proceeding is commenced pursuant to Rules 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This Court has jurisdiction to hear this adversary proceeding as a core proceeding under 28 U.S.C. §§ 157(b)(2)(I)-(J) and 1334(a)-(b).

3. Plaintiff brings this action pursuant to 11 U.S.C. § 523, 11 U.S.C. §105(a) and 11 U.S.C. §727. Plaintiffs seeks an Order and Judgment by this Court that the debts owed by Defendant ROBIN LINUS LEHNER to Plaintiff MICHAEL BORDEN are nondischargeable under 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(6) and 11 U.S.C. §727.

4. On or about December 30, 2022 (the "Petition Date"), Debtor filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Nevada, initiating Case No. 22-14616-nmc (the "Bankruptcy Case").

5. Plaintiff BORDEN on the one hand and Defendant/Debtor LEHNER was and are parties to a transactions which occurred in the District of Nevada.

6. Venue lies in the District of Nevada pursuant to 28 U.S.C. §1409, as this is a proceeding under the United States Bankruptcy Code and/or arising in a case commenced and pending in the District of Nevada.

**THE PARTIES**

7. Plaintiff BORDEN [hereinafter "TUMBARELLO"] is a creditor and party-in-interest in the above-captioned Bankruptcy Case and Plaintiff EUGENE TUMBARELLO is an individual who was at all times relevant hereto a resident of the State of Nevada.

8. Defendant/Debtor ROBIN LINUS LEHNER [hereinafter "LEHNER"] is upon

2

information and belief an individual and is a resident of the State of Nevada.

## GENERAL ALLEGATIONS

9. Plaintiff BORDEN repeats and realleges each and every allegation set forth above, and incorporate the same by reference as though fully set forth herein.

10. In the Spring 2022 through a mutual acquaintance Defendant LEHNER, individually and collectively, solicited certain monies from Plaintiff BORDEN regarding a loan to Defendant LEHNER for LEHNER to put into a business entity known as SOLARCODE LLC.

11. LEHNER made misrepresentations in asserting the existence of ongoing business operations or contracts held by SOLARCODE, including but not limited to ongoing contracts and government relations in the Caribbean, Africa and Middle East.

12. LEHNER made misrepresentations by omissions and commissions and never informed Plaintiff or his representatives that SOLARCODE was not a profitable or even viable commercial entity.

13. LEHNER made misrepresentations directly and through his agents by omissions and commissions that the investment monies were for the purchase of technologies and did not disclose the actual state of the obligations for which the loans were solicited.

14. LEHNER made misrepresentations to BORDEN that LEHNER was not personally encumbered under other outstanding debts which would impair BORDEN's right and ability to collect upon any monies so lent.

15. In actual and reasonable reliance upon the misrepresentations by commission and omission, on or about April 21, 2022, BORDEN entered into a Loan Agreement with LEHNER in which BORDEN loaned to LEHNER the sum of Three Million Five Hundred Thousand Dollar ($3,500,000.00) for a term of one year from the date of the first tranche.

16. As consideration for the April 21, 2022 Loan, LEHNER covenanted and agreed

that LEHNER held a 50% royalty interest in SolarCode LLC equal to 50% of SolarCode's gross revenues and that LEHNER would and did assign to BORDEN twenty percent (20%) of LEHNER's SolarCode royalties in perpetuity subject only to LEHNER's right to repurchase the royalty rights for $35,000,000.

17. As additional consideration for the April 21, 2022 Loan, LEHNER covenanted and agreed that LEHNER would personally enter into a management agreement with MR MANAGEMENT by which MR MANAGEMENT would receive referral fees.

18. Plaintiff BORDEN reasonably and actually relied upon Defendant's LEHNER's representations in entering into and performing the April 2022 Loan.

19. Defendant LEHNER made misrepresentations regarding the actual and intended recipients of the monies borrowed from Plaintiff BORDEN.

20. Defendant LEHNER made a series of misrepresentations regarding the state of the technologies, that SolarCode technologies were operational complete and functional, that SolarCode technologies were complete and certified by Black & Veatch, that the royalties being paid and payable by SolarCode were being processed.

21. Defendant LEHNER made a series of misrepresentations regarding the state of the payments for SolarCode's technologies to wit that all technologies had been purchased and that monies were only needed for the final payment for finalization of the technologies.

22. In June 2022, Defendant LEHNER, individually solicited a second loan from Plaintiff BORDEN to Defendant LEHNER in the sum of Five Hundred Thousand Dollars ($500,000.00) for LEHNER for LEHNER's personal purposes.

23. In actual and reasonable reliance upon the misrepresentations by commission and omission, on or about June 23, 2022, BORDEN entered into a Promissory Note with LEHNER in which BORDEN loaned to LEHNER the sum of Five Hundred Thousand Dollars

($500,000.00) for a stated term of one year from the Note.

24. Despite the June 2022 Loan having a stated term of one year, LEHNER represented that the June 2022 Loan was meant as a short-term bridge loan until LEHNER's NHL salary commenced again at the beginning of the 2022/2023 NHL season and could be repaid within the first two months of the NHL season based upon LEHNER's guaranteed contract from the Vegas Golden Knights.

25. Plaintiff BORDEN reasonably and actually relied upon Defendant's LEHNER's representations in entering into and performing the April 2022 Loan.

26. Defendant did not disclose any other outstanding indebtedness for which he was personally liable or otherwise obligated to repay or for which Defendant had pledged his salary or assets as collateral.

27. Defendant LEHNER represented that LEHNER had a reptile farm which Defendant represented by fully paid and cash positive.

28. Unbeknownst to Plaintiff BORDEN and prior to the execution of the April 2022 Loan documents by Defendant, Defendant was indebted to several additional undisclosed creditors, either directly or by guarantees of payment.

29. Plaintiff BORDEN reasonably relied upon such representations by Defendant in making the April 2022 Loan to Defendant.

30. Plaintiff BORDEN reasonably relied upon such representations by Defendant in making the June 2022 Loan to Defendant.

31. Defendant LEHNER failed to disclose to BORDEN the foregoing debts and liabilities, which appear to total over $16,000,000 as of the dates of the loans in requesting and entering into the foregoing Loans.

32. Defendant LEHNER was aware of the foregoing debts and liabilities at the time

that Defendant executed the BORDEN Loan documents as LEHNER had personally signed documents relating to such debts and liabilities.

33. Had Defendant LEHNER disclosed these outstanding debts and liabilities, including securitization and collateralization of such obligations, Plaintiff BORDEN would not have made the April 2022 Loan to Defendant LEHNER.

34. Had Defendant LEHNER disclosed these outstanding debts and liabilities, including securitization and collateralization of such obligations, Plaintiff BORDEN would not have made the June 2022 Loan to Defendant LEHNER.

35. Defendant LEHNER did not disclose to Plaintiff BORDEN any pending litigation, judgement, claim or other proceeding pending against LEHNER under which LEHNER had been accused or had judgment entered against LEHNER for failure or refusal to pay debts.

36. Defendant LEHNER furthered the deception through a series of lulling representations after receiving the monies that the payments would be forthcoming and that contracts were in place for SolarCode to generate revenues.

37. These lulling representations were false.

38. As part of their fraudulent negotiations, representations and deceit of deception of Plaintiffs in the course of the transactions, Defendant LEHNER and his respective agents committed and completed an unfathomable amount and degree of misrepresentations, fraudulent documentation and fraudulent actions in furtherance of defrauding Plaintiff, including refusing to return Plaintiff's monies.

39. Defendant LEHNER misrepresented, misled and defrauded Plaintiff in the execution and fulfillment of the Agreement and investment, including but not limited to misrepresenting the intentions to fulfill the Agreement in good faith, ability to fulfill the contract, their double dealing, their alleged business ventures being nothing more than well-polished

storefront schemes and vehicles for deception and fraud.

40. Because Defendant LEHNER'S conduct toward Plaintiffs was fraudulent, malicious, and egregiously in bad faith, were conducted with a willful disregard for Plaintiffs' rights and subjected Plaintiffs to a cruel and unjust hardship, Plaintiffs brought suit in the State Court Litigation related to the fraud, conversion and intentional torts.

41. Plaintiffs requested and demanded the immediate return and divestiture of Plaintiffs' monies and immediate return of Plaintiffs' monies, plus represented return on investment, which Defendant LEHNER failed and refused to remit.

42. Defendant LEHNER have failed and refused to deliver to and/or record Plaintiffs' secured interest in the Subject Property.

43. As a result of the acts and omissions of the Defendant LEHNER, Plaintiff has been forced to retain counsel and are entitled to recover their attorneys' fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**(Exception to Discharge pursuant to 11 U.S.C. § 523(a)(2))**

44. Plaintiff BORDEN repeats and realleges each and every allegation set forth above, and incorporate the same by reference as though fully set forth herein.

45. Under section 523(a)(2)(A), an individual debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition."

46. As described in detail above, Defendant solicited and received significant sums of money from Plaintiff BORDEN through the April 2022 Loan by making materially false and misleading representations regarding outstanding lawsuits and judgments against Defendant, Defendant's assets, Defendant's performance of obligations owed to other parties, and

7

Defendant's intent and ability to repay the April 2022 Loan.

47. As described in detail above, Defendant solicited and received significant sums of money from Plaintiff BORDEN through the June 2022 Loan by making materially false and misleading representations regarding outstanding lawsuits and judgments against Defendant, Defendant's assets, Defendant's performance of obligations owed to other parties, and Defendant's intent and ability to repay the June 2022 Loan.

48. The above representations were false when made by Defendant LEHNER, who knew such representations to be false when made.

49. Based upon the foregoing conduct by Defendant LEHNER toward Plaintiffs, in the course of the negotiations, commercial transactions and contracting, Defendant LEHNER engaged in a pattern of fraudulent and oppressive conduct toward Plaintiffs and made a series of fraudulent representations, all of which are based upon information and belief untrue and which Defendant LEHNER knew or should have known were untrue when made.

50. Defendant LEHNER had the intent and knowledge that his acts, omissions and representations are and were false, fraudulent and intended to induce reliance by Plaintiffs in engaging in the transactions with LEHNER.

51. Plaintiffs actually, justifiably and detrimentally relied upon Defendant LEHNER's acts and representations regarding the fulfillment of her legal and contractual duties to Plaintiff.

52. Defendant, through false pretenses and fraud, acted to induce Plaintiff BORDEN to enter into the Plaintiff BORDEN Loan where Defendant had no intention or reasonable expectation of repaying the Plaintiff BORDEN Loan in fact, knew that he would be unable to repay the Plaintiff BORDEN Loan due to the various preexisting debts and claims against him that he failed to disclose to Plaintiff BORDEN.

53. In the absence of Defendant's false pretenses, false representations, and actual fraud, Plaintiff BORDEN would not have entered into the Plaintiff BORDEN Loan transaction described above.

54. At the time Plaintiff BORDEN entered into the above-referenced transactions, Plaintiff BORDEN did not know that the foregoing representations by Defendant were false.

55. Plaintiff BORDEN's reliance on Defendant's false representations was justified and reasonable.

56. Plaintiff BORDEN has sustained damages as a result of Defendant's false pretenses, fraud, and misrepresentations in an amount to be proven at trial.

57. Based on the fraudulent actions of Defendant, punitive damages are appropriate to the maximum amount allowed under applicable laws.

58. Plaintiff BORDEN is entitled to a judgment against Defendant stating that all amounts owed to Plaintiff BORDEN by Defendant be excepted from discharge under 11 U.S.C. § 523(a)(2).

59. As a result of Defendant's foregoing actions, Plaintiff BORDEN has been required to engage the services of an attorney to bring this claim and is entitled to recover its reasonable costs, attorneys' fees, and interest.

60. Pursuant to 11 U.S.C. §523(a)(2), said debts are non-dischargeable as a debt for money or property obtained by false pretenses, a false representation, or actual fraud.

61. As a result of Defendant's fraudulent acts, Plaintiffs has been required to retain the services of an attorney in order to prosecute this action and is entitled to its attorneys' fees and costs for having the prosecute this action.

## SECOND CLAIM FOR RELIEF
### (Willful or Malicious Injury pursuant to 11 U.S.C. § 523(a)(6))

62. Plaintiff BORDEN repeats and realleges each and every allegation contained in Paragraphs 1 through 57 inclusive, and incorporates the same herein by reference.

63. Defendant LEHNER did willfully, maliciously and intentionally engage in conduct intended to cause injury to Plaintiffs by, inter alia: (a) making false representations and statements to Plaintiff BORDEN with the malicious intention of holding Plaintiff BORDEN responsible for Defendant's debts and (b) obtaining the Plaintiff BORDEN Loan from Plaintiff BORDEN by misrepresentation without any intent to honor his obligations thereunder.

64. As a result of Defendant's fraudulent, malicious, or otherwise improper conduct, Plaintiff BORDEN has suffered damages in an amount to be proven at trial.

65. Plaintiff BORDEN is entitled to a judgment against Defendant stating that all amounts owed to Plaintiff BORDEN by Defendant be excepted from discharge under 11 U.S.C. § 523(a)(6).

66. Based on the fraudulent actions of Defendant, punitive damages are appropriate to the maximum amount allowed under applicable laws.

67. As a result of Defendant's foregoing actions, Plaintiff BORDEN has been required to engage the services of an attorney to bring this claim and is entitled to recover its reasonable costs, attorneys' fees, and interest.

## THIRD CLAIM FOR RELIEF
### (Objection to Discharge Based upon 11 U.S.C.§ 727(a)(3) based upon Defendant having failed to keep or preserve recorded information)

68. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 67 inclusive, and incorporates the same herein by reference.

69. Plaintiff objects to discharge based upon 11 U.S.C.§ 727(a)(3) as Defendant has failed to keep Defendant's financial and business records which are the subject of the instant

10

proceeding and the bases of the underlying debts and obligations.

70. Defendant has known since April 2022 that Defendant was the subject of going obligations related to Defendant's business and personal finances regarding the solicitation of loans and investments related to Defendant.

71. Plaintiff BORDEN has requested an accounting of his monies, investments and royalties from Defendant.

72. Upon information and belief, Defendant has concealed and failed to maintain necessary records for the prosecution of Defendant's defenses.

73. The documents in question are material to the instant proceedings as well as Defendant's underlying bankruptcy.

74. As a direct and proximate result of said Defendant's failure to maintain records, Plaintiff has suffered and continues to suffer damages the total sum to be determined by this Court.

75. Plaintiff has been required to retain the services of an attorney in order to prosecute this action and therefore is entitled to reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
(Objection to Discharge Based upon 11 U.S.C.§ 727(a)(4)(D) based upon Defendant having withheld books, documents, papers and records relating the Defendant's Property and Financial Records)

76. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 75 inclusive, and incorporates the same herein by reference.

77. Plaintiff objects to discharge based upon 11 U.S.C.§ 727(a)(4) as Defendant has failed to keep Defendant's financial and business records which are the subject of the instant proceeding and the bases of the underlying debts and obligations.

78. Defendant has known since April 2022 that Defendant was the subject of going obligations related to Defendant's business and personal finances regarding the solicitation of

11

loans and investments related to Defendant.

79. Plaintiff BORDEN has requested an accounting and records of his monies, investments and royalties from Defendant.

80. Upon information and belief, Defendant has concealed and failed to maintain necessary records for the prosecution of Defendant's defenses.

81. The documents in question are material to the instant proceedings as well as Defendant's underlying bankruptcy.

82. As a direct and proximate result of said Defendant's failure to maintain records, Plaintiff has suffered and continues to suffer damages the total sum to be determined by this Court.

83. Plaintiff has been required to retain the services of an attorney in order to prosecute this action and therefore is entitled to reasonable attorneys' fees.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

WHEREFORE, Plaintiff MICHAEL BORDEN prays for judgment against Debtor ROBIN LINUS LEHNER as follows:

1. An Order of this Court that the debts owed to Plaintiffs are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) on grounds that Debtors/Defendant LEHNER has engaged in fraudulent acts towards Plaintiffs;

2. An Order of this Court that the debts owed to Plaintiffs are nondischargeable pursuant to 11 U.S.C. §523(a)(6) on grounds that Debtor/Defendant CHAMBERS has engaged in acts constituting willful and malicious injury by the Debtor to Plaintiffs;

3. An Order of this Court that Defendant is ineligible for discharge of debts pursuant to 11 U.S.C.§ 727(a)(3).

4. An Order of this Court that Defendant is ineligible for discharge of debts pursuant to 11 U.S.C.§ 727(a)(4)(D).

5. Reasonable attorneys' fees and all costs of the suit which were necessarily incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

DATED this 9th day of May, 2023.

CORY READE DOWS AND SHAFER

By: /s/ R. Christopher Reade
TIMOTHY S. CORY, ESQ.
Nevada Bar No.001972
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada  89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
tcory@crdslaw.com
creade@crdslaw.com
Attorneys for Creditor MICHAEL BORDEN

////