


## Passport Sweden - Robin Lehner 7.10.23.jpg

| | |
|---|---|
| DocVerify ID: | 1B6A0F07-E913-4C04-8427-18F658484C2B |
| Created: | May 19, 2021 07:22:34 -5:00 |
| Pages: | 52 |
| Remote Notary: | Yes / State: FL |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Robin Lehner (RL)**
May 19, 2021 11:38:38 -5:00 [BBAC055BE52A] [98.167.57.61]
robinlehner90@gmail.com (Principal) (Personally Known)

**E-Signature Notary: Angela Applegate Speckner (AAS)**
May 19, 2021 11:38:38 -5:00 [5D3EDC128B3C] [174.211.102.214]
aspeckner_notary@yahoo.com
I, Angela Applegate Speckner, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



# **PROMISSORY NOTE**

Dated: May 18, 2021 (the "Effective Date")
**$6,500,000.00**                                                                                                                           New York, New York

FOR VALUE RECEIVED, **ROBIN LEHNER**, having a place of business and/or mailing address at 9501 Balatta Canyon Court, Las Vegas, NV 89144 ("Borrower") promises to pay to **RMSPC FUNDING, LLC**, a Delaware limited liability company, having a principal address located at c/o Rainmaker Holding Group, LLC, 13 Arcadia Road, #2, Old Greenwich, Connecticut 06870 (together with its successors and/or assigns, "Lender"); the principal sum of **Six Million, Five Hundred Thousand and 00/100 Dollars** (**$6,500,000.00**) plus such other amounts as may become due and owing under this Promissory Note (this "Note") and the other Loan Documents, from time to time.

**1.      Defined Terms; Loan Agreement**.  Capitalized terms used herein which are not otherwise defined in this Note shall have the same meaning as defined in that certain Loan and Security Agreement, dated as of even date herewith, in the principal amount of $6,500,000.00, executed by Borrower and Lender (as amended, the "Loan Agreement").  This Note is executed and delivered pursuant to the Loan Agreement.

**Borrower acknowledges that the Loan Agreement contains a "Consent to Garnishment" provision (Article 10.13). Borrower acknowledges that Borrower's "Consent to Garnishment" constitutes a material term of this Note and the Loan Agreement and is provided to induce Lender's performance in compliance herewith. Borrower hereby agrees to abide by, and be bound by the terms regarding, Borrower's "Consent to Garnishment" as set forth in the Loan Agreement. Borrower's execution of this Note and Loan Agreement shall constitute Borrower's acknowledgment and acceptance of the "Consent to Garnishment" provision contained within the Loan Agreement.**

RL
———————
**Initials**

**2.      Promise to Pay**. Borrower promises to pay to Lender the unpaid principal amount of this Note, together with accrued and unpaid interest thereon at the Applicable Rate (or Default Rate), together with all other amounts as may then be due and owing hereunder and under the Loan Agreement and other Loan Documents, including, without limitation, any and all fees, costs and expenses, including, without limitation, reasonable attorneys' fees which are: (i) incurred by Lender and/or any servicer of the Loan from and after the Effective Date (including, without limitation, if this Agreement, the Note or any of the other Loan Documents is placed in the hands of an attorney for purposes of enforcement or collection thereof), including, without limitation, all such fees, costs and expenses (including reasonable attorneys' fees) incurred by Lender and/or any servicer of the Loan from and after any Event of Default and/or Lender's enforcement of this Note, whether by court action or otherwise; (ii) incurred by Lender or collected through lawsuit, probate, or a proceeding involving Borrower or Borrower's assets in bankruptcy court; and/or (iii) paid by Lender to obtain and/or extend any Insurance Policy Collateral, and/or any

1

other insurance coverage of Borrower (including, but not limited to, premium payments and/or extension fees) (collectively, "Costs and Expenses").

**3.    Payments**.  Borrower acknowledges and agrees that all payments of principal and/or interest and such other amounts hereunder (collectively, "Payments") shall be made on each applicable and specified payment date (each, a "Payment Date") pursuant to the repayment schedule (the "Repayment Schedule") annexed hereto and made a part hereof as Exhibit A. Notwithstanding anything in this Note or in the other Loan Documents to the contrary, the entire Debt shall be paid in full upon the earlier to occur of (i) acceleration of the Obligations as a result of an Event of Default or (ii) the maturity date of this Note, November 15, 2021 (the "Maturity Date").  If any Reserves have been established by Borrower pursuant to the terms of the Loan Agreement, and provided no Event of Default is continuing, Borrower authorizes Lender to utilize funds from the Reserves to make Payments on the Payment Date in accordance with the Repayment Schedule.

**3.1**    On the Effective Date, Borrower shall pre-pay interest at the Applicable Rate to the last day of the month in which this Note is executed.

**3.2**    Thereafter, commencing on the first Payment Date and continuing thereafter, Borrower shall make each Payment on the applicable Payment Date therefor in accordance with the Repayment Schedule.

**3.3**    Provided no Event of Default is continuing, all Payments received by Lender shall be applied first, to Costs and Expenses, second to accrued and unpaid interest at the Applicable Rate (or Default Rate), and thereafter to unpaid principal.

Borrower acknowledges that Borrower's obligation to make each Payment hereunder shall not be affected, altered, modified, extended, terminated, or suspended due to any act, omission, event, or other occurrence (including death or incapacity) beyond Borrower or Lender's control, including, without limitation, any act of God, natural disaster, national or local emergency, pandemic, failure of banking and/or wire system, or any other reason. Borrower acknowledges that Borrower's obligation to make each Payment in accordance with the terms set forth in this Note shall remain absolute and unwavering absent Lender's prior written consent.

**4.    Maximum Principal Amount**.  Subject to such other amounts as may be added to the then unpaid principal balance of this Note in accordance with the terms of the Loan Agreement, this Note and the other Loan Documents, from time to time, Lender shall not be obligated to advance any amounts in excess of the principal amount of this Note.

**5.    Interest**.  From and after the Effective Date until the Debt is paid in full, interest shall accrue on the unpaid principal balance of this Note at a rate equal to twelve percent (12%) per annum (the "Applicable Rate"). Upon an Event of Default, interest will accrue at a rate equal to the lesser of (i) the maximum allowable rate of interest for commercial loans in the State of New York, and (ii) the Applicable Rate plus ten percent (10%) per annum (the "Default Rate"). Interest under this Note shall be computed on the basis of a 360-day year for the actual number of days elapsed in the period during which it accrues. First (1st) month interest calculated

DocVerify ID: 1B6A0F07-E913-4C04-8427-18F658484C2B
www.docverify.com

pursuant to the Applicable Rate shall be automatically applied to the Principal Amount on the Effective Date and shall be deemed fully earned upon funding of the Loan.

**6.** **Usury**. This Note is subject to the express condition that at no time shall Borrower be obligated and/or required to pay interest on the unpaid principal balance of the Loan at a rate which could subject Lender to either civil and/or criminal liability as a result of being in excess of the maximum rate which Borrower is permitted by Applicable Law to contract and/or agree to pay. If by the terms of this Note, Borrower is at any time required and/or obligated to pay interest on the principal balance at a rate in excess of such maximum rate, the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate and interest payable hereunder shall be computed at such maximum rate and the portion of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the then unpaid principal amount of this Note.

**7.** **Late Charge**. If any Payment is not paid on the applicable Payment Date, then Borrower shall be obligated to pay an additional, late charge equal to ten percent (10%) of such unpaid Payment ("Late Charge"). The Late Charge shall be due and payable on the immediately following Payment Date and if not paid, shall be added to the then unpaid principal balance of the Loan on such Payment Date. Borrower agrees and acknowledges that the Late Charge is an administrative fee and is not interest for any purpose.

**8.** **Prepayment**. All amounts due and owing under this Note, the Loan Agreement and the other Loan Documents may be prepaid or repaid by Borrower at any time upon reasonable written notice to Lender.

**9.** **Security**. Borrower's Obligations under this Note and the other Loan Documents are secured by, among other things, the Collateral.

**10.** **Guarantor**. If Borrower's Obligations under this Note and the other Loan Documents is guaranteed by any other person or entity ("Guarantor"), such Guarantor shall be personally liable on a joint and several basis with Borrower for all of Borrower's Obligations under this Note and the other Loan Documents. Accordingly, this Note and the Obligations hereunder shall be the joint and several obligation of Borrower and any Guarantor and Borrower's sureties, guarantors, and endorsers hereof, and shall be binding upon them and their respective heirs, executors, administers, successors, administrators, personal representatives, and permitted assigns.

**11.** **Event of Default; Remedies**. If Borrower shall fail to comply with any of its Obligations under this Note, or if any of the events described in Article 6 of the Loan Agreement occur, then an Event of Default shall occur under this Note. Upon an Event of Default, Lender shall be entitled to any of the remedies described in Article 6 of the Loan Agreement and/or pursuant to Applicable Law, including, without limitation, acceleration of Borrower's Obligations hereunder.

**12.** **Binding Obligations**. This Note shall be binding upon Borrower and Borrower's successors and permitted assigns, and shall inure to the benefit of Lender and its successors and permitted assigns, and may be assigned by Lender without seeking prior approval from

3

Borrower. Borrower may not assign this Note or any of Borrower's obligations and liabilities hereunder without the prior written consent of Lender. Any such purported assignment by Borrower in contravention of this provision shall be null and void.

**13.     Waiver**.  Borrower hereby (i) waives presentment for payment, demand, protest and notice of presentment, notice of acceleration, notice of protest, notice of nonpayment, notice of dishonor, and each and every notice of any kind respecting this Note and the enforcement hereof; (ii) agrees and acknowledges that Lender at any time or times, without notice to or obtaining Borrower's consent, may grant extensions of time, without limit as to the number of the aggregate period of such extensions, for the Payment of any amounts owed pursuant to the Principal Amount, plus interest and/or other sums due and owed to Lender hereunder; (iii) waives all exemptions, including, without limitation, with regard to garnishment, under the laws of the State of New York and/or any other state or territory of the United States of America, to the fullest extent permitted by law; and (iv) waives the benefit of any law or rule intended for Borrower's advantage or protection as an obligor under this Note or providing for Borrower's release or discharge from liability under this Note, in whole or in part, on account of any facts or circumstances other than full and complete payment of all amounts due under this Note.

**14.     Relationship of the Parties**.  Lender and Borrower intend that the relationship created and evidenced by this Note shall be solely that of debtor and creditor, and that nothing in this Note shall be construed or interpreted as creating a joint venture, partnership, or any other type of agency relationship between Lender and Borrower.

**15.     Severability**.  Any term or provision of this Note that is deemed invalid or unenforceable by a court of competent jurisdiction shall be modified and enforced to the fullest extent permitted by law or statute, and shall not affect the validity or enforceability of the remaining terms and provisions hereof.

**16.     Governing Law; Jurisdiction and Venue**.  The Parties agree that this Note is deemed entered into in the State of New York, and shall be governed by and construed under the internal laws of the State of New York, without regard to conflict of law principles thereof. Borrower hereby irrevocably submits to the exclusive personal jurisdiction and venue of any state or federal court sitting in New York County or Westchester County in the State of New York regarding any action, dispute or proceeding arising out of or relating to this Note, and waives any claims of objections or defenses to the jurisdiction and venue thereof, and hereby irrevocably agree that all claims in respect of such action or proceeding shall be heard and determined in such state or federal court situated in the State of New York.

**17.     WAIVER OF JURY TRIAL**.  **Lender and Borrower hereby knowingly, voluntarily, and intentionally waive the right either may have to a trial by jury in respect to any litigation based hereon, or arising out or, under, or in connection with this Note, or any course of conduct, course of dealing, statements (whether oral or written) or actions of either party. Borrower hereby represents that no representations of fact or opinion have been made by any individual to induce this waiver of trial by jury or to in any way modify or nullify its effect.**

DocVerify ID: 1B6A0F07-E913-4C04-8427-18F658484C2B
www.docverify.com                          Page 4 of 52      418F658484C2B

**18.**     **Ambiguities**. Each Party acknowledges that its legal counsel has participated in the preparation of this Note and therefore stipulates that the rule of construction stating that ambiguities are to be resolved against the drafter shall not be applied in the interpretation of this Note to favor one Party against the other.

**19.**     **Legal Counsel**. **THIS DOCUMENT CONTAINS LEGAL TERMS AND RIGHTS THAT AFFECT BORROWER. BORROWER HEREBY ACKNOWLEDGES THAT LENDER HAS ADVISED BORROWER TO SEEK INDEPENDENT LEGAL COUNSEL AND THAT BORROWER HAS SECURED OR HAS HAD THE OPPORTUNITY TO SECURE LEGAL COUNSEL TO REPRESENT BORROWER IN CONNECTION WITH THIS AGREEMENT.**

**20.**     **Negotiable Instrument**. This Note is deemed to be a negotiable instrument for the payment of money only under CPLR § 3213, et seq.

*[Signature on Immediately Following Page]*

**IN WITNESS WHEREOF**, and intending to be legally bound, the undersigned have caused this Note to be duly executed as of the date first written above.

**BORROWER**:

*Robin Lehner*
Signed on 2021/05/19 11:38:38 -5:00

Name: Robin Lehner

**Please see attached Florida Jurat for Florida Verbiage**

STATE OF _____ )
                                 )SS:
COUNTY OF _____ )

On this ___ day of _____, 2021, appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

6

**FLORIDA JURAT**
FS 117.05(13)

State of Florida

County of __Hillsborough__

Sworn to (or affirmed) and subscribed before me by means of

☒ Physical Presence,

— OR —

☐ Online Notarization,

this __19__ day of __May__, __2021__, by
   Day         Month              Year

__Robin Lehner_____.
*Name of Person Swearing or Affirming*

**Angela Applegate Speckner**
Commission # GG239066
Notary Public - State of Florida
My Commission Expires Nov 11, 2022

Notary Stamp 2021/05/19 08:38:38 PST        5D3EDC128B3C

*Angela Applegate Speckner*
Signed on 2021/05/19 11:38:38 -5:00
*Signature of Notary Public — State of Florida*

__Angela Applegate Speckner__
*Name of Notary Typed, Printed or Stamped*

☒ Personally Known

☐ Produced Identification

Type of Identification Produced: _____

_____

*Place Notary Seal Stamp Above*

— **OPTIONAL** —

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __Promissory Note_____

Document Date: __May 19, 2021_____   Number of Pages: __8__

Signer(s) Other Than Named Above: __NONE_____

©2020 National Notary Association



## Exhibit A

## REPAYMENT SCHEDULE

| Payment | Date | Interest | Principal | Total |
|---|---|---|---|---|
| 1 | 15-Jun-21 | $0 | $0 | $0 |
| 2 | 15-Jul-21 | $0 | $0 | $0 |
| 3 | 15-Aug-21 | $0 | $0 | $0 |
| 4 | 15-Sep-21 | $0 | $0 | $0 |
| 5 | 15-Oct-21 | $0 | $0 | $0 |
| 6 | 15-Nov-21 | $399,881 | $6,500,000 | $6,899,881 |
|  |  | **$399,881** | **$6,500,000** | **$6,899,881** |

7

DocVerify ID: 1B6A0F07-E913-4C04-8427-18F658484C2B
www.docverify.com
1B6A0F07-E913-4C04-8427-18F658484C2B --- 2021/05/19 07:22:34 -5:00 --- Remote Notary
Page 8 of 52    818F658484C2B

