**ANDERSEN & BEEDE**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@aandblaw.com*
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
Email: *valerie@aandblaw.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Robert Atkinson, Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROBIN LINUS LEHNER and DONYA TINA LEHNER,<br><br>Debtors. | Case No.: 22-14616-NMC<br>Chapter 7<br><br>**TRUSTEE'S MOTION TO ASSUME AND ASSIGN AN EXECUTORY CONTRACT AND FOR APPROVAL OF SETTLEMENT**<br><br>Hearing Date:  July 6, 2023<br>Hearing Time:  11:00 a.m. |

Robert E. Atkinson, Chapter 7 bankruptcy trustee ("Trustee") of the bankruptcy estate of Robin Linus Lehner and Donya Tina Lehner ("Debtors"), by and through his counsel, Andersen & Beede, hereby requests approval of the assumption and assignment of a lease agreement concerning a 2019 Rolls Royce Phantom ("Lease Agreement") to Putnam Leasing Company I, LLC, a creditor in the above-captioned bankruptcy case and the lessor under the Lease Agreement ("Putnam").  Further, in connection with the assignment of the Lease Agreement, Trustee is seeking this Court's approval of settlement between Trustee and Putnam under FRBP 9019 ("Settlement Agreement").

This Motion is supported by the following Memorandum of Points and Authorities; the Declaration of Ryan A. Andersen, Esq. in support of this Motion ("Andersen Declaration"), filed contemporaneously herewith; Declaration of Robert E. Atkinson in support of this Motion ("Trustee Declaration"), filed contemporaneously herewith;  all papers and pleadings filed in the above-captioned

case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence; and any arguments of counsel offered in support of the Motion during any hearing held on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Jurisdiction

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, Trustee consents to the entry of final orders or judgment by this Court.

### II. Statement of Facts

On December 30, 2022, Debtors commenced the above-captioned bankruptcy case by filing a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. ECF No. 1. On February 3, 2023, Debtors field their bankruptcy schedules, identifying two vehicle leases for a 2019 Mercedes Benz G63 and a 2019 Rolls Royce Phantom ("Vehicle Leases"), and other executory contracts. ECF No. 44. The 60-day deadline to assume or reject executory contracts or unexpired leases was initially set for February 28, 2023. On March 1, 2023, this Court granted Trustee's motion requesting extension of the time to assume or reject the Vehicle Leases, setting the new deadline for April 29, 2023. Thereafter, Trustee, Debtors, and Putnam stipulated to further extend the deadline to June 28, 2023, in light of the parties' discussions concerning the Lease Agreement. ECF No. 144. On April 26, 2023, this Court approved the Stipulation. ECF No. 145.

Debtors are lessees of a 2019 Rolls Royce Phantom ("Vehicle"), pursuant to the Lease Agreement. Since the commencement of this bankruptcy case, no payment has been made under the Lease Agreement. To the extent the outstanding balance constitutes a default under Section 365 of the Bankruptcy Code, Putnam has expressly waived any such defaults in the Settlement Agreement. As such, approval of the assumption and assignment of the remainder under the Lease Agreement to

Putnam should not include satisfaction of the statutory requirement to cure the defaults or to provide adequate assurance under the circumstances of this case.

On or about April 24, 2023, Trustee and Putnam, through their respective counsel, reached an agreement to assign the remainder under the Lease Agreement to Putnam, the lessor, in consideration of payment of $7,000.00 by Putnam to the bankruptcy estate. Through this Motion and as a condition of the prior approval by this Court of the assumption and assignment of the Lease Agreement to Putnam, Trustee is further and additionally seeking approval of the Settlement Agreement, attached as Exhibit 1 to the proposed order.

### III. Legal Argument

A. *This Court Should Approve the Assumption and Assignment of the Lease Agreement to Putnam.*

Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure require any request to assume, reject, or assign an executory contract, other than as part of a plan, to be made by motion, with reasonable notice and opportunity for a hearing afforded to the non-debtor contract counterparty. Fed. R. Bankr. P. 6006(a) and 9014(a); *see, e.g., Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989).

Assumption is a prerequisite to assignment. *See* 11 U.S.C. § 365(f)(2)(a) ("The trustee may assign an executory contract or unexpired lease of the debtor only if the trustee assumes such contract or lease in accordance with the provisions of this section"). Pursuant to 363(f), upon assuming an executory contract, the trustee may assign the executory contract to a third party if the trustee has met the requirements for assumption set forth in 363(b) and the party to whom the contract is to be assigned provides adequate assurance of performance.

Section 365 requires that, to assume a lease, a trustee: (A) cures, or provides adequate assurance that the trustee will promptly cure, [a] default… (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and… (C) provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b)(1).

Finally, "[i]n reviewing a trustee's … decision to assume an executory contract, … a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993); Procedural considerations for assumption and rejection generally (Code § 365(b)), 2 Norton Bankr. L. & Prac. 3d § 46:12 (2018) ("The court approval, however, focuses on whether the trustee's or debtor-in-possession's decision meets the relatively flexible 'business judgment' standard"). "[T]he bankruptcy court should presume that the [trustee] acted prudently on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.),* 476 F.3d 665, 670 (9th Cir. 2007) (internal citations omitted).

Here, as a lessor, Putnam has expressly agreed to waive any defaults under the Lease Agreement. *See* Settlement Agreement attached as Exhibit 1 to the proposed order. As such, the requirement of Section 365(b) to cure defaults and provide adequate assurance of future performance should be disregarded for purposes of this Motion. Any existing defaults under the Lease Agreement are not relevant and should have no effect on this Court's determination of this Motion.

Trustee's business judgment of assuming the Lease Agreement is rational and in the best interest of the bankruptcy estate because it will generate additional value for Debtors' creditors. Moreover, given the high administrative cost and legal fees, a potential sale of the Vehicle would not be more beneficial than an assignment of the Lease Agreement.

Finally, the current expended deadline to assume or reject the Vehicle Leases is June 28, 2023. Therefore, this Motion is timely.

Therefore, for the reasons set forth above, this Court should disregard the requirement to cure any existing default under the Lease Agreement and approve the assumption and assignment of the Lease Agreement by Trustee to Putnam.

### B. This Court Should Approve the Settlement Agreement Pursuant to FRBP 9019.

After notice and a hearing, "the court may approve a compromise or settlement."

Fed. R. Bankr. P. 9019(a). Court approval of a settlement is within the court's discretion and requires only a sufficient factual record upon which the court may make an informed and independent judgment regarding the relative merits of the settlement. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The decision to approve a settlement is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *Id.* at 421-25; *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).

The standard by which this Court should evaluate a motion to approve settlement is well established. In addition to considering the proposed terms and conditions of the settlement, the Court must consider all factors bearing on the proposed terms of the settlement to determine the reasonableness of the settlement, such as: (a) the probability of success in litigation; (b) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the same; (c) the difficulty, if any, to be encountered when collecting any judgment obtained; and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986). Each factor need not be met so long as the factors as a whole favor approving the settlement. *See In re Pac. Gas & Elect. Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). Based on these principles and application of *A&C Properties* factors, the Settlement Agreement should be approved.

1. Probability of Success in Potential Litigation

Since the Petition Date, no payment has been made on account of the Vehicle under the Lease Agreement, resulting in accumulation of a large unpaid balance thereunder. The deadline to assume or reject the Vehicle Leases has been extended twice to allow additional time for Trustee to determine the appropriate course for the estate in this case. To the extent this factor is applicable, there is no controversy between the parties aside from a potential filing of a claim by Putnam against the bankruptcy estate in connection with the Lease Agreement. However, approving the Settlement Agreement and authorizing assignment of the Lease Agreement to Putnam will resolve any such claim. Trustee has determined in his business judgment that sale of the Vehicle is unlikely to result in a higher net benefit for the estate and creditors. On the other hand, assignment is more beneficial because it

would provide a maximum recovery for the estate and obviate accumulation of legal fees and administrative cost of conducting a sale. As such, Trustee has concluded the proposed Settlement Agreement is appropriate and the first *A&C Properties* factor, to the extent it is applicable, weighs in favor of approving the Settlement Agreement.

2. Potential Litigation Is Expensive and Inconvenient

Approving the Settlement Agreement will resolve Putnam's potential claim against the bankruptcy estate for the unpaid balance under the Lease Agreement. The settlement terms require Putnam to waive its rights to file a claim and release the estate from any liability associated with the Lease Agreement. The settlement will enable the estate to avoid the cost and delay associated with a potential sale of the Vehicle and provide funds for the benefit of creditors. As compared with a sale, Trustee is concerned that it would produce no meaningful net recovery for creditors due to uncertainty regarding the value of the Vehicle. Therefore, Trustee has concluded that the prospect of assignment in exchange for $7,000.00 is consistent with the interest of creditors and the second *A&C Properties* factor, weighs in favor of approving the Settlement Agreement.

3. Significant Difficulty and Risk Associated with Collection.

This factor is not applicable to the case at hand.

4. The Paramount Interest of the Creditors.

Trustee has determined that the opportunity of receiving $7,000.00 and eliminating the possibility of an additional claim against the bankruptcy estate is in the best interest of creditors. Trustee has determined that pursuing the sale will not bring a better result, and after considering the expense and the delay the sale would necessarily impose, and extent of claims in this case relative to the funds available for distribution, the Settlement Agreement is in the best interest of the state and creditors.

Each factor supports approval of the Settlement Agreement and the terms contained therein, or is inapplicable.

//

//

//

### IV. Conclusion

For these reasons, Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**, approving and authorizing (i) Trustee's assumption of the Lease Agreement; (ii) Assignment of the Lease Agreement to Putnam; (iii) the Settlement Agreement in its entirely; and (iv) granting additional and further relief as the Court deems just.

Dated this 31st day of May, 2023.

Respectfully submitted by:

**ANDERSEN & BEEDE**

By: /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
3199 E Warm Springs Rd, Ste 400
Las Vegas, NV 89120

*Counsel for Robert Atkinson, Trustee*